UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF FISH AND GAME,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, and LT. GEN. THOMAS BOSTWICK, in his official capacity,<br><br>            Defendants. | No.  2:12-cv-01396-JAM-JFM<br><br>**ORDER STAYING CASE** |

Plaintiff California Department of Fish and Game ("Plaintiff") previously moved to consolidate this action with Friends of the River, Defenders of Wildlife, and Center for Biological Diversity v. United States Corps of Engineers, et al., Case No. 2:11-cv-01650 JAM-JFM (the "Friends of the River case") (Doc. # 16).  That motion was denied, and the Court ordered the parties to brief whether or not staying the present action pending further resolution in the Friends of the River case will serve judicial efficiency because the cases contain nearly identical questions of law and fact (Doc. # 20).  Plaintiff

1

opposes a stay (Doc. # 21) and Defendants United States Army Corps of Engineers and Lt. Gen. Thomas Bostwick ("Defendants") support a stay (Doc. # 22).

### Legal Standard

"[I]t is the prerogative of the district court to manage its workload, [but] case management standing alone is not necessarily a sufficient ground to stay proceedings." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Before imposing a stay, a court must examine "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

### Discussion

Plaintiff opposes a stay in this matter on the ground that it may be precluded from raising certain claims or legal theories by operation of a judgment or finding in the Friends of the River case. Plaintiff acknowledges that preclusion generally requires identical parties or at least privity between parties in the preceding action in order for preclusion to apply. Plaintiff is concerned that the Court may find such privity because it previously indicated that the plaintiffs in the Friends of the

2

1  River case can adequately represent Plaintiff's interests.  Case
2  No. 2:11-cv-01650 JAM-JFM (Doc. # 44).
3       Claim preclusion and issue preclusion are collectively
4  referred to as res judicata and operate to prevent the
5  relitigation of claims and issues fully decided in prior actions.
6  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  Res judicata
7  generally does not apply to entities that were not parties to the
8  prior suit.  Id.  An exception to res judicata applies to parties
9  who were adequately represented in the prior litigation including
10 members of a class in "properly conducted class actions and suits
11 brought by trustees, guardians, and other fiduciaries."  Id. at
12 894.
13      The Court finds that res judicata does not apply to
14 Plaintiff in the present circumstances.  While the term
15 "adequately represented" appears in both the standard for res
16 judicata and that for intervention, the analyses are quite
17 different.  It is clear from the Taylor case that res judicata
18 requires either a class action conducted in accordance with the
19 particularized process associated with such lawsuits or some sort
20 of privity between the parties.  In the present case, Plaintiff
21 is not adequately represented by the plaintiffs in the Friends of
22 the River case with regard to res judicata, and any holding in
23 that case will merely instruct the Court as to the applicable
24 law, thereby preserving judicial resources.  Plaintiff will not
25 be precluded from vigorously litigating the present matter if it
26 is temporarily stayed.
27      Turning to the Lockyer factors, it is clear that a stay in
28 this case is appropriate.  First, for the reasons just discussed,

Plaintiff will not suffer hardship or prejudice if this case is stayed because res judicata will not preclude issues or claims in this suit. Second, Defendants will suffer hardship if forced to go forward at this stage because they will need to simultaneously defend two lawsuits that raise nearly identical claims and issues. Defendants have an interest in avoiding such duplication. Finally, the Court finds that judicial economy will be served by a stay because a resolution in the Friends of the River case will simplify the factual and legal issues pending in this case and avoid duplicative expenditures of judicial resources. Accordingly, this case is hereby stayed.

## Order

This matter is hereby stayed pending further resolution in the Friends of the River case. Defendants are still required to lodge the administrative record with the court by the January 25, 2013 deadline set by the parties' stipulation (Doc. # 24). Either party may move the Court to lift the stay with proper notice after resolution of summary judgment motions in the Friends of the River case, and such a motion will be considered at that time.

IT IS SO ORDERED.

Dated: November 26, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4