KAMALA D. HARRIS
Attorney General of California
RANDY BARROW
Supervising Deputy Attorney General
DEBORAH L. BARNES, State Bar No. 124142
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-9294
 Fax: (916) 327-2319
 E-mail: Deborah.Barnes@doj.ca.gov
*Attorneys for*
*Department of Fish & Game*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF FISH AND GAME,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES ARMY CORPS OF ENGINEERS, and LT. GEN. THOMAS P. BOSTWICK, in his official capacity,**<br><br>Defendants. | 2:12-cv-01396-JAM-JFM<br><br>**STIPULATION AND ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties hereto stipulate through counsel to dismissal of this case as follows:

1. Plaintiff filed this case on May 22, 2012 [Doc. 1]. Specifically, Plaintiff's Complaint for Declaratory and Injunctive Relief challenges policies allegedly adopted by the United States Army Corps of Engineers ("Corps") and consists of an Administrative Procedure Act ("APA") claim for violations of the National Environmental Policy Act ("NEPA"), an APA claim for violations of the Endangered Species Act ("ESA"), and an APA claim for failure to

follow rulemaking procedures. Specifically, Plaintiff's claims relate to several alleged actions by the Corps including: the issuance by the Corps of Engineering Technical Letter ("ETL") 1110-2-571 on or about April 10, 2009, establishing "Guidelines for Landscape Planting and Vegetation Management at Levees, Floodwalls, Embankment Dams, and Appurtenant Structures"; issuance of a draft Policy Guidance Letter ("PGL") that adopted a new variance process in February 2010, entitled "Process for Requesting a Variance From Vegetation Standards for Levees and Floodwalls," 75 Fed. Reg. 6364 (Feb. 9, 2010); and the Corps' reliance on a document entitled "Final Draft White Paper: Treatment of Vegetation within Local Flood-Damage-Reduction Systems" dated April 20, 2007. Plaintiff alleges that the Corps violated NEPA by failing to prepare an Environmental Impact Statement (EIS), violated the ESA by failing to ensure against jeopardy through consultations with the National Marine Fisheries Service and the United States Fish and Wildlife Service, and violated APA rulemaking provisions in adopting a policy prohibiting vegetation on levees.

2. On September 6, 2012 Plaintiff filed an Unopposed Motion to Consolidate with related case *Friends of the River, Defenders of Wildlife, and Center for Biological Diversity v. United States Corps of Engineers, et al.,* Case No. 2:11-cv-01650 JAM-JFM (Doc. 16). The Court denied the motion and the current case was stayed pending resolution of the *Friends of the River* matter. On September 12, 2014, the Court approved a Stipulation and Order of Voluntary Dismissal Without Prejudice in the *Friends of the River* matter. (Doc. 88.)

3. On or about April 30, 2014, the Corps issued a new ETL, ETL 1110-2-583, establishing "Guidelines for Landscape Planting and Vegetation Management at Levees, Floodwalls, Embankment Dams, and Appurtenant Structures."

4. In June 2014, Congress enacted into law and the President signed the Water Resources Reform and Development Act of 2014 ("WRRDA"), including § 3013, P.L. 113-121, 128 Stat. 1193, 1284-86 [a true and correct copy of WRRDA § 3013 is attached hereto as Attachment A]. WRRDA § 3013 requires the Secretary of the Army to, among other things, "carry out a comprehensive review of the guidelines [Corps of Engineers policy guidelines for management of vegetation on levees] in order to determine whether current Federal policy

relating to levee vegetation is appropriate for all regions of the United States." Section 3013(c) sets forth specific factors that the Secretary "shall consider" in carrying out the review. Section 3013(f) requires that not later than 18 months after the date of enactment of WRRDA the Secretary shall "revise the guidelines based on the results of the review. . . ." Section 3013(g) mandates that "Until the date on which revisions to the guidelines are adopted in accordance with subsection (f), the Secretary shall not require the removal of existing vegetation as a condition or requirement for any approval or funding of a project, or any other action, unless the specific vegetation has been demonstrated to present an unacceptable safety risk."

5. The guidelines that must be reviewed by the Secretary pursuant to WRRDA Section 3013 include, but may not be limited to, the draft Policy Guidance Letter entitled "Process for Requesting a Variance from Vegetation Standards for Levees and Floodwalls" (77 Fed. Reg. 9637 (Feb. 17, 2012)), ETL 1110-2-571, and the successor policy ETL 1110-2-583. This review would by extension address the policy recommendations made in the draft final White Paper as far as those recommendations pertain to the Rehabilitation Program's implementation of the vegetation guidelines, thereby encompassing the documents challenged by Plaintiff in this action.

6. The Corps will proceed to conduct the review of the guidelines and take the actions required by WRRDA § 3013. In accordance with § 3013(g) until the date on which revisions to the guidelines are adopted, the Corps will not require the removal of existing vegetation as a condition or requirement for any approval or funding of a project, or any other action, unless the specific vegetation has been demonstrated to present an unacceptable safety risk. Accordingly, the Parties agree that the claims set forth in Plaintiff's Complaint need not be resolved by this Court at this time.

7. The parties have also resolved by letter agreement, Defendants' December 11, 2013 assertion of an inadvertent release of documents subject to a claim of privilege or protection as trial-preparation materials.

8. The parties agree that nothing in this dismissal without prejudice shall limit any of the plaintiff's right to challenge past, present, and/or future actions or decisions by the U.S. Army

1  Corps of Engineers regarding vegetation management on levees including, but not limited to, any
2  guidelines, rules, engineering technical letters, variance policies, or similar documents issued by
3  the U.S. Army Corps of Engineers regarding vegetation management on levees, or any individual
4  authorizations or permits issued by the U.S. Army Corps of Engineers regarding vegetation
5  management on levees, any environmental review conducted by the U.S. Army Corps of
6  Engineers related to vegetation on levees, any Endangered Species Act consultation or lack
7  thereof by the U.S. Army Corps of Engineers, or any future biological opinions or concurrences
8  issued by U.S. Fish and Wildlife Service or the National Marine Fisheries Service to the U.S.
9  Army Corps of Engineers related to vegetation on levees, or to limit Defendants' defenses
10  thereto.

11      9.    All parties shall bear their own costs and attorneys' fees.

12  ///

14  ///

16  ///

18  ///

DFG Stipulation and Order of Voluntary Dismissal without Prejudice  (2:12-cv-01396-JAM-JFM)

THEREFORE, pursuant to Federal Rule of Civil Procedure 41(a), the undersigned parties hereby stipulate to the voluntary dismissal without prejudice of all claims in Plaintiff's first amended complaint.

Dated:  November 5, 2014              Respectfully submitted,

                                                      KAMALA D. HARRIS
Attorney General of California
SARA J. RUSSELL
Supervising Deputy Attorney General

                                                      /s/ DEBORAH L. BARNES

DEBORAH L. BARNES
Deputy Attorney General
*Attorneys for*
*Department of Fish & Game*

Dated:  November 5, 2014              U.S. Department of Justice
Environment and Natural Resources Division

                                                      /s/ JOHN H. MARTIN

John H. Martin
Trial Attorney
999 18th Street, South Terrace Suite 370
Denver, CO  80202
john.h.martin@usdoj.gov

Devon Lehman McCune
Senior Attorney
999 18th Street, South Terrace Suite 370
Denver, CO  80202
devon.mccune@usdoj.gov

*Attorneys for Defendants*

1     IT IS ORDERED that this case is dismissed without prejudice.

3     November 7, 2014                        /s/ John A. Mendez
                                                 John A. Mendez
                                                 United States District Court Judge